IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEPAUL WILSON, | § | |
| | § | No. 485, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | CR ID No. 1701006481 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 15, 2019
Decided: May 16, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

(1)     After trial, appellant DePaul Wilson was convicted of very serious charges, including felony murder in the first degree.  In this appeal of a criminal conviction, the only issue is whether the prosecution made improper statements in oral argument that prejudiced Wilson and warrant a new trial.

(2)     As to certain uses of the words "we know" by the prosecutor, the trial judge sustained objections and instructed the jury to disregard this usage.  The State argues that these usages were timely addressed by the trial judge and that a stray usage of the same kind later was isolated and does not come close to arising to prejudicial, in view of the record.  We agree.  Although phrases like "we know"

should not be used, their use in this case was, in context, far from vouching or implying that the prosecutor had information the jury did not, and the trial judge's curative instruction sufficiently mitigated any impact the statements might have had.[1]

(3) Likewise, we do not find favor with the argument that the prosecutor overstepped his bounds by arguing from the evidence that the jury could infer that the victim of the alleged murder had fired shots from a prone position. The trial court was within its discretion in determining that this was a fair inference from the evidence that did not require expert testimony.[2]

(4) Finally, the trial court was also within its discretion in not sustaining a defense objection to two prosecution statements that the jury was to determine what it thought happened in the case. For starters, the statements are not improper on their face. The role of the jury is in fact to determine the facts to the extent relevant to its task of determining if the defendant is guilty beyond a reasonable doubt. Nothing in the prosecutor's statements suggested lowering the burden of proof, and we have difficulty understanding how the statements, taken in context, were improper. For this reason no doubt, the trial court noted that this objection was "subtle" and said

---

[1] *See Hughes v. State*, 437 A.2d 559, 571 (Del. 1981) (setting forth a three-part balancing test to determine whether the prosecutor's actions prejudiced the defendant); *Guy v. State*, 913 A.2d 558, 565–66 (Del. 2006) ("Error can normally be cured by the use of a curative instruction to the jury, and jurors are presumed to follow those instructions.").
[2] App. to Opening Br. at A1024 (Sidebar).

2

that the statements would not be problematic "if the jury follows the [court's] instructions" that the State must prove the charges against Wilson beyond a reasonable doubt.[3]  To that end, the trial court's jury instructions on the burden of persuasion were clear, and it was not an abuse of discretion for the court to deny this objection.

 NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Id.* at A1073.